UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JODY A. HADLEY, | ) |
|---|---|
| Plaintiff | ) |
| v. | ) No. 2:10-cv-51-GZS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge's assessment of her credibility is not supported by substantial evidence, that the administrative law judge should have given controlling weight to the opinion of her treating orthopedic surgeon, and that the administrative law judge's conclusion that she could perform her past relevant work was not supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from bilateral shoulder tendonitis, an impairment that was severe but which did not meet or medically

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 15, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

equal the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 10; that she retained the residual functional capacity ("RFC") to lift 20 pounds occasionally and 10 pounds frequently, to stand or walk for up to six hours and to sit for up to seven hours in an eight-hour day, to reach overhead on the left frequently and to reach on the right occasionally, to climb ramps or stairs frequently, to balance, stoop, kneel, crouch, or crawl frequently, to tolerate unprotected heights occasionally, and never to reach overhead on the right, Finding 5, *id.*; that the plaintiff was capable of performing her past relevant work as a cashier II, Finding 6, *id.* at 13; and that she, therefore, had not been under a disability, as that term is defined in the Social Security Act, from her alleged disability onset date, February 7, 2007, through the date of the decision, October 5, 2009, Finding 7, *id.* at 14, 7. The administrative law judge also made the alternate finding that the plaintiff was capable of performing the full range of sedentary work. *Id.* at 13-14. The Decision Review Board failed to complete its review of the decision in the time allowed, *id.* at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential review process. At Step 4, the claimant bears the burden of proof of inability to return to past relevant work. 20 C.F.R.

§§ 404.1520(f), 416.920(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## Discussion

### A. Credibility

The administrative law judge said the following about the credibility of the plaintiff's testimony:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> * * *
>
> The claimant's assertion as to the degree of restriction imposed by the pain and medication side effects that she experiences are questionable in light of a review of the longitudinal record and resultant inconsistencies. Ms. Hadley asserted in a July 2007 pain report that one of the limitations she experienced was that she could not drive (Ex. 3E). In actuality, the reason the claimant could not drive at that time was that her operator's license had been suspended (Ex. 4E). She has since had her license reinstated and testified that she does drive to visit her mother.
>
> Regarding the claimant's assertions of chronic pain, she testified that pain medication, including Tylenol[,] were ineffective, that she could not perform routine chores, let alone garden, and that she lived alone with her independent boyfriend. However, when the claimant was in treatment for substance abuse at Gateway Recovery Services, the record appears to contradict her assertions, since she reported to her counselor that she was taking care of 5 children at her home, spent time in her garden, cleaned around the house, only intermittently used Tylenol for pain relief, and rarely needed any stronger pain medication (Ex. 7F). This is not a minor variance.
>
> These activities tend to establish the claimant's purported marked inability to use her arms as not reliable. She stated at hearing that using

> her arms for "anything" caused pain and tingling in her shoulders and upper arms, yet further evidence within the record reflects that she is able to shop, take care of a cat, care for her grandchildren, cook, tend to housework and go for walks (Exs. 4E, 8E), while in an August 2008 treatment record from Common Ground Counseling she reported enjoying hobbies of gardening and horseback riding (Ex. 23F).
>
> The claimant also testified that her medications made her drowsy, and resulted in fatigue, yet treatment records from family physician Allan Reis, M.D. reflect no reported side effects from her prescriptions with the exception of one report of fatigue in October 2007, which Dr. Reis opined was due to the patient's inactivity (Exs. 10F, 21F). The only other side effect she reported to Dr. Reis was dry mouth (Ex. 25F).
>
> Furthermore, the claimant asserted to a counselor in August 2008 that she was unemployed because her doctor did not want her to "return to work right now" (Ex. 23F), but because there is no appearance at any point in the longitudinal record to support this allegation, it further undermines the claimant's credibility. The undersigned does not doubt that the claimant experiences some pain, but the assertions as to the extreme limitation of function with her arms are repeatedly contradicted by the contemporaneous treatment notes.

*Id*. at 11-12.

The plaintiff posits that only a portion of this analysis constitutes the reasons for the administrative law judge's conclusion about her credibility. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 12) at [3]. That is simply incorrect. Two of the three "reasons' listed by the claimant for the administrative law judge having found her not credible – that "[s]he had no reported shoulder difficulties from September 2008, the date her physical therapy ended[,] until July 2009[,]" and that "[s]he had full abduction and no significant impingement in the examination by physician's assistant Toni Simpson[,]" *id*. – do not even appear in the extensive above-quoted passage dealing with this issue from the administrative law judge's opinion. In any event, assuming *arguendo* that the plaintiff is correct that each of these "reasons" is not supported by the record evidence, the opinion offers sufficient additional

analysis and reasons to support the administrative law judge's conclusions about the plaintiff's credibility.

"The determination or decision must contain specific reasons for the finding on creditability, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011) at 137. The administrative law judge's opinion in this case meets this standard. *See also Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987).

### B. Dr. Kuhn's Opinion

The plaintiff next challenges the administrative law judge's treatment of the opinion of her treating orthopedic surgeon, Dr. James Kuhn, contending that this opinion should have been given controlling weight. Itemized Statement at [5]-[6]. She relies solely on a five-page Treating Source Statement completed and signed by Dr. Kuhn on August 31, 2009. *Id.* She asserts, in conclusory fashion, that Dr. Kuhn's "opinions are not inconsistent with the [ot]her 'substantial evidence' in the Plaintiff's record[,]" and are "fully support[ed]" by the medical evidence. *Id.* at [6]. A treating physician's opinion is given controlling weight only when it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

The administrative law judge wrote as follows about Dr. Kuhn's treatment of the plaintiff:

> The claimant first underwent repair of a torn rotator cuff on her left
> shoulder in October 2005 from which she recovered well (Ex. 5F), and

5

later had the right rotator cuff repaired in June 2007 by James Kuhn, M.D. of Maine Orthopaedic Center (Exs. 6F, 14F). She also completed a course of physical therapy (Ex. 13F), but due to continued discomfort and an MRI suggesting bursitis and tendinosis, she subsequently underwent biceps tendonesis in March 2008 on her right shoulder, after which she reported to Dr. Kuhn that her right shoulder was much better (Exs. 12F, 14F). She then began to again experience discomfort in her left shoulder; a radiology report showed some narrowing of the AC joint, and she proceeded with a course of physical therapy until September 2008 (Exs. 14F, 16F, 22F).

According to the longitudinal record, the claimant had no reported shoulder difficulties for nearly a year, when she returned to the Maine Orthopaedic Center in July 2009 asserting right shoulder discomfort. She reported no difficulties at all with her left shoulder. The claimant was treated with a steroid injection by Tony Simpson, P.A., who found on examination that while Ms. Hadley had some tenderness over the anterior acromial region and distal aspect of the acromion, she also had full abduction and no significant impingement (Ex. 24F).

\* \* \*

As to the opinion evidence, Dr. Kuhn completed a treating source statement in August 2009, in which he opined that Ms. Hadley had marked inability to complete an 8-hour work day due to drowsiness, upper extremity limitations that would preclude overhead lifting, the use of vibratory equipment, and repetitive use of the hands for gross motor activities (Ex. 27F). This single report, however, is given little weight, as it is not borne out by the remainder of Dr. Kuhn's treatment record, which tends to show a beneficial response to surgery and physical therapy. There is no evidence of a contemporaneous examination at this time, and when he last saw the claimant fifteen months earlier in May 2008, Dr. Kuhn noted that while Ms. Hadley was guarding her shoulders, she reported that she was getting better, and examination showed 120 degrees of forward flexion (Exs. 14 F, 24F).

The undersigned assigns persuasive evidentiary weight to a medical assessment by Kirby von Kessler, M.D. (Exs. 17F, 18F). While Dr. von Kessler is not a treating physician, his opinion is well-supported by the longitudinal record, which, as stated above, reflects a beneficial response to surgery.

In sum, the above residual functional capacity assessment is supported by records from treating surgeon James Kuhn, M.D., Allan Reis, M.D., Kirby von Kessler, M.D., physical therapy records from Stephens Memorial Hospital[.]

Record at 11-12.

Contrary to the plaintiff's assertions, this discussion provides "clear and convincing" reasons for the administrative law judge's rejection of Dr. Kuhn's August 31, 2009, conclusions, and it also sets forth the substantial evidence in the record that is inconsistent with those conclusions, making it impossible to give Dr. Kuhn's conclusions controlling weight.[2] The administrative law judge's opinion does address each of the factors listed in the plaintiff's itemized statement as requirements of Social Security Ruling 96-2p. Itemized Statement at [6]. Nothing further was required.

### C. Past Relevant Work

At oral argument, counsel for the plaintiff waived her attack, Itemized Statement at [6]-[7], on the administrative law judge's finding, Record at 13, that she could return to her past relevant work as a cashier II, based on the assertion that her work as a cashier had not been substantial gainful employment. However, her remaining attack on the Step 4 finding is based on her argument that the administrative law judge was required to include in his hypothetical question posed to the vocational expert the limitations on her use of her arms, shoulders, and fingers found by Dr. Kuhn. This argument cannot succeed in the absence of a showing that the administrative law judge wrongly rejected those conclusions, and that showing has not been made.

Accordingly, the fact that the administrative law judge also made the necessary findings for a decision at Step 5 of the sequential evaluation process that she was capable of doing other

---

[2] The plaintiff's assertion that Dr. Kuhn's "opinions satisfy the rules for controlling weight in SSR 96-2p," Itemized Statement at [6], is incorrect. Like the regulation cited in the text, the Ruling requires that the treating source's opinion be well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record in order to be entitled to controlling weight. Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011) at 112.

work that existed in significant numbers in the national economy,[3] Record at 13-14, need not be considered. Specifically, the administrative law judge found that given her age (48 on the alleged onset date, February 7, 2007, *id*. at 7), at least a high school education, RFC, and work experience, the Medical-Vocational Guidelines, Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid"), directed a finding of "not disabled," because the plaintiff had the RFC to perform the full range of sedentary work, citing § 201.27 of the Grid. Record at 13-14.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] At Step 5, the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert,* 482 U.S. at 146 n.5; *Goodermote,* 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).